**Emil NOTTI, et al., Plaintiffs— Appellants,**

v.

**COOK INLET REGION, INC., Defendant—Appellee.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Honorable Rudi M. Brewster, Senior United States District Judge for the District of Southern California, sitting by designation.

**Emil Notti, et al., Plaintiffs–Appellants,**

v.

**Cook Inlet Region, Inc., Defendant–Appellee.**

Nos. 01–35521, 01–35569.

D.C. No. CV–00–00020–JWS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2002.[*]

Decided March 22, 2002.

Before ALARCÓN, SILVERMAN, Circuit Judges and BREWSTER, District Judge.[**]

### MEMORANDUM[***]

Appellants are shareholders of Cook Inlet Region, Inc. (CIRI), a Regional Corporation established pursuant to the Alaska Native Claims Settlement Act, 43 U.S.C. §§ 1601 *et seq* (ANCSA). They appeal the district court's denial of their motion to remand this action to state court, grant of summary judgment in favor of CIRI, and denial of their motion for reconsideration.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We lack jurisdiction to consider appellants' taking claim, raised to the district court on reconsideration, because appellants must raise that claim under the Tucker Act in the Federal Court of Claims. *Bay View, Inc. ex rel. AK Native Vill. Corps. v. AHTNA, Inc.,* 105 F.3d 1281, 1284–85 (9th Cir.1997).

Appellants argue that the district court lacked removal federal question jurisdiction over this action and therefore, that the case was improperly removed to federal court. We review the issue de novo. *Prize Frize, Inc. v. Matrix (U.S.) Inc.,* 167 F.3d 1261, 1265 (9th Cir.1999). We also review de novo the district court's denial of the motion to remand. *ARCO Env't Remediation, L.L.C. v. Dep't of Health and Env't Quality,* 213 F.3d 1108, 1111 (9th Cir. 2000). The district court had subject matter jurisdiction because the complaint raises a substantial federal question of whether Section 7(r) of ANCSA, 43 U.S.C. § 1606(r), authorizes CIRI to pay dividends to Native leaders who were original CIRI shareholders.

Appellants argue that the district court erred in holding that ANCSA preempts the Alaska corporations statute. We review the district court's decision regarding preemption de novo. *Williamson v. General Dynamics Corp.,* 208 F.3d 1144, 1149 (9th Cir.2000). The plain language of § 7(r) allows CIRI to make the distributions made in this case. 43 U.S.C. § 1606(r). ANCSA expressly preempts Alaska law. 43 U.S.C. § 1606(p). Moreover, legislative history of § 7(r) confirms that Congress intended that ANCSA corporations provide the type of benefits provided by CIRI in this case. 144 Cong. Rec. 12589–01 (1998) (daily ed. October 14, 1998) (statement of Sen. Murkowski).

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] The Honorable Rudi M. Brewster, Senior United States District Judge for the Southern District of California, sitting by designation.

Thus, the district court did not err in granting summary judgment.

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Richard F. Cebull, United States District Judge for the District of Montana, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Circuit Rule 36–3.